# MARCH, 1908.

## O. C. WILLIAMS ET AL. v. JOHN S. STEELE ET AL.

### No. 1794. Decided March 4, 1908.

**1.—County Court—Probate Proceedings—Review by Certiorari.**

Orders of the county judge in vacation appointing appraisers for the community estate of a husband and his deceased wife and approving the inventory, appraisement, and bond of the survivor in accordance with articles 2222, 2223, 2226, 2227, Revised Statutes, are such proceedings of the County Court as may be reviewed by certiorari in the District Court on application of the heirs of the wife under article 332, Revised Statutes, within the time provided therein for such proceeding. (Pp. 386, 387.)

**2.—Same—Jurisdiction—Void Order.**

The fact that an order of the County Court in probate matters is void for want of jurisdiction does not prevent its review and setting aside for that reason by the District Court on certiorari. (P. 387.)

**3.—Same—Community Property—Survivor—Limitation.**

The appointment of appraisers and approval of the appraisement and bond of the surviving husband for administering as such the community estate of himself and his deceased wife, made more than four years after the wife's death. was without jurisdiction and void, and may be so declared by the District Court on certiorari brought by the heirs of the wife to review such orders. Nelson v. Bridge, 98 Texas, 523, distinguished. (Pp. 387, 388.)

Questions certified from the Court of Civil Appeals for the Second District, in an appeal from Cooke County.

*Stuart & Bell,* for appellants.—The writ of certiorari can be invoked to revise and correct orders of the county judge made in a community administration which are void as well as those that are voidable. Rev. Stats., arts. 332-334; Connell v. Chandler, 11 Texas, 253; Miers v. Betterton, 18 Texas Civ. App., 432.

*Culp & Giddings,* for appellees.—The action of the County Court in assuming jurisdiction of the community administrator more than four years after the death of the wife, is not void but only voidable, and the court had jurisdiction of the subject matter thereof. Nelson v. Bridge, 98 Texas, 523; Henry v. Roe, 83 Texas, 449; Flenner v. Walker, 5 Texas Civ. App., 153, and authorities therein cited.

The proceedings of the County Court not being void but only voidable and the granting of letters of administration more than four years after the death of the wife being only an irregularity, and there being no allegation whatever in the petition for certiorari of any injury, inadequacy of price, fraud or detriment to the appellants by reason of the court assuming jurisdiction and granting said administration, the court properly dismissed the petition for certiorari. Fitzwilliams v. Davie, 18 Texas Civ. App., 85, and authorities therein cited; Edwards v. Halbert, 64 Texas, 670; Seguin v. Maverick, 24 Texas, 537.

Appellants having alleged in their petition that the proceedings of the County Court were absolutely void, and that the County Court had no jurisdiction of the subject matter, this court has no jurisdiction by certiorari to revise, review or correct the void orders of the County Court. Timmins v. Bonner, 58 Texas, 555.

MR. JUSTICE BROWN delivered the opinion of the court.

Certified question from the Court of Civil Appeals for the Second Supreme Judicial District as follows:

"In the above styled and numbered cause now pending before us on appeal from the District Court of Cooke County, the appellants filed in that court their petition for a writ of certiorari to the County Court, and upon which the writ was granted, as follows:

" 'O. C. Williams et al.
v.  In the District Court of said County,
John S. Steele et al.  October term, 1906.

" 'The plaintiffs and applicants, O. C. Williams, Maggie Ford, joined by her husband, A. C. Ford, and Oscar Williams, a minor by D. F. Ford, his next friend, complaining of John S. Steele and his wife, Mrs. Adaline Steele, defendants, respectfully represent that plaintiffs and applicants are all residents of the Indian Territory, now known as Oklahoma, and the said Oscar Williams is a minor represented by his next friend, D. F. Ford, and that defendants are all residents of Cooke County, Texas; that plaintiffs and applicants, except A. C. Ford and D. F. Ford, are all the children and heirs of Lenora Williams, deceased, who was the first wife of A. W. Williams, who is the father of said applicants.

" 'That the said Mrs. Lenora Williams died in Cooke County,

Texas, on or about the 11th day of September, 1891, intestate. That at the time of her death the said Mrs. Lenora Williams with her husband A. W. Williams, who survived her, occupied as their homestead, which was the community property of the said Mrs. Lenora Williams, and A. W. Williams, eighty acres of land out of the James O. Logsdon survey of three hundred and twenty acres, abstract No. 593, situated in Cooke County, Texas, about twelve miles southeast from Gainesville, being the same eighty acres of land sold to A. W. Williams by J. L. Bray and wife on September 25, 1885, by deed recorded in Vol. 37, page 176, deed records of Cooke County, Texas, to which reference is hereby expressly made. That on the 2d day of April, 1902, nearly eleven years after the death of the said Mrs. Lenora Williams, the said A. W. Williams applied to the County Court of Cook County, Texas, for an appointment of three appraisers to appraise the community estate of the said A. W. and Lenora Williams. That when the said A. W. Williams made application, more than four years had elapsed since the death of the said Mrs. Lenora Williams and there were no debts of any kind owing by the community estate of the said A. W. and Lenora Williams, and therefore the County Court of Cooke County, Texas, had no jurisdiction to grant and should not have granted said application; that nevertheless B. F. Mitchell, the County Judge of Cooke County, Texas, granted said application on April 2, 1902, and appointed three appraisers, the order appointing said appraisers being recorded in Vol. No. 7, page No. 593 of the Probate Minutes of the County Court of Cooke County, Texas, to which reference is hereby expressly made.

"'That the inventory and appraisement of said estate showing said land to belong to the said community estate was prepared by the said A. W. Williams and Joe Dillon and L. E. Steele, two of the appraisers appointed. That said inventory and appraisement was approved by B. F. Mitchell, county judge of Cooke County, Texas, on April 2, 1902, and on said April 2, 1902, the said A. W. Williams filed in said cause his bond as community administrator of said community estate, which said bond was approved by said Mitchell, county judge, on said April 2, 1902, and an order entered authorizing the said A. W. Williams to take charge of, control, manage and dispose of the community property owned by him and the said Mrs. Lenora Williams, said order being entered in vol. No. 7, page No. 593 of the Probate Minutes of the County Court of Cooke County, Texas; that above said orders of said judge appointing said appraisers and approving said inventory and appraisement and authorizing the said A. W. Williams to manage, control and dispose of said community estate were all made on April 2, 1902, and were all null and void, and should not have been made for the reasons above set forth. That said application for the appointment of appraisers to appraise said community estate showed on its face that said Mrs. Lenora Williams died on Sept. 11, 1891, that on April 2, 1902, the County Court of Cooke County, Texas, was not in session and that said application was presented in vacation, said inventory and appraisement was prepared and filed in vacation, and said two orders were made by B. F. Mitchell, judge of the County Court of

Cooke County, Texas, in vacation, and said two orders of B. F. Mitchell, county judge, were recorded in said Probate Minutes by the clerk of the County Court of Cooke County, Texas, in vacation.

" 'That on April 2, 1902, and prior thereto defendant John S. Steele knew that there were no community debts against the estate of said A. W. Williams and assisted A. W. Williams in obtaining said two orders of the said B. F. Mitchell, county judge, made in vacation, and defendant was therefore a party to the fraud in law which was practiced on these plaintiffs by the proceedings had in vacation in said pretended community administration.

" 'That afterwards, on the 2d day of April, 1902, the said A. W. Williams,' as such community administrator, joined by his second wife, Mrs. Bettie A. Williams, sold and conveyed said property to the defendant John S. Steele by deed recorded in book 84, page 178, deed records of Cooke County, Texas, to which reference is hereby expressly made, and that defendant John S. Steele and his wife', Mrs. Adaline Steele, are now in possession of and claiming said land under the said deed which was made by virtue of said orders. That the said A. W. Williams is now dead, that he left no property subject to execution and was insolvent at the time of his death; that in said inventory and appraisement of said community estate there was listed no property except said eighty acres of land, and no other property was owned by the community estate of the said A. W. Williams and Mrs. Leonora Williams at the date of the execution of said inventory and appraisement except said eighty acres of land; that the said John S. Steele and Mrs. Adaline Steele are claiming title and possession to said land under and by virtue of said deed and under and by virtue of said two orders of the County Court of Cooke County above mentioned, which orders were made in cause No. 1546 on the Probate docket of said County Court, and that the said John S. Steele and Mrs. Adaline Steele are the only persons adversely interested to these plaintiffs in having said above described two orders of the County Court of Cooke County, Texas, set aside and held for naught. That applicant, O. C. Williams, is now but twenty-one years old, that applicant Maggie Ford is under twenty-one years of age and has not been married two years, and the applicant O. C. Williams, Maggie M. Ford, and Oscar Williams were all minors on the 2d day of April, 1902. That J. R. Jordan is the clerk of the County Court of Cooke County, Texas.

" 'Wherefore, the premises considered, plaintiffs and applicants pray that your Honor grant the most gracious writ of certiorari, directed to J. R. Jordan, clerk of the County Court of Cooke County, Texas, commanding him to make a certified transcript of said above described two orders and all papers and proceedings in said cause No. 1546 and transmit the same to the District Court of Cooke County, Texas, in time and manner prescribed by law, and that the said John S. Steele and Mrs. Adaline Steele be cited to answer herein as required by law, and that on final hearing said above described two orders of the County Court of Cooke County, Texas, be set aside and held for naught, and that said deed executed by the said Wil-

liams and wife to the defendant John S. Steele, by virtue of said orders, be cancelled insofar as it attempted to convey the one-half interest in said land owned by said Lenora Williams at the time of her death in said land. Plaintiffs further pray for judgment for cost and pray for all general and special relief. Stuart & Bell, attorneys, for plaintiffs O. C. Williams et al.'

"The appellees moved the court to dismiss the certiorari on the grounds, first, that the orders appealed from being void, the District Court could acquire no jurisdiction by certiorari; second, that if the proceedings in the County Court were void for the reasons stated in appellants' petition, any order the District Court might make would likewise be void; and third, that since the appellees were not parties to the proceedings in the County Court and the community survivor being dead, the remedy by certiorari is not available.

"The court held that the proceedings of the county judge complained of were void, and the judgment further recites that 'said proceedings are of a character that can not be reviewed by certiorari.' We therefore certify to Your Honors for decision the questions:

"First. Whether or not the above orders made by the county judge of Cooke County in vacation are such orders as are authorized to be reviewed by the writ of certiorari?

"Second. If, so, do the allegations of appellants' petition showing that same were made more than four years after death of the decedent and when there were no debts owing by the community estate show such probable error as to entitle them to the relief prayed for?"

---

We answer the first question in the affirmative.

Article 332 of the Revised Statutes is in this language: "Any person interested in the estate of a decedent or ward may have the proceedings of the County Court therein revised and corrected at any time within two years after such proceedings were had, and not afterwards; provided, that persons non compos mentis, infants and femmes covertes, shall have two years after the removal of their respective disabilities within which to apply for such revision and correction."

This article confers the right to have the proceedings of the County Court revised and corrected and the language is broad enough to embrace the proceedings in this case.

Article 2222 provides that the surviving husband, who desires to control the community estate, shall, within four years after the death of his wife, file an application setting up certain facts; and article 2223 requires the county judge, upon the filing of the application in term time or vacation, without citation, to appoint appraisers to appraise the estate. The law imposes upon the husband the duty to make and file in the County Court within twenty days from the date of the order appointing appraisers an inventory and list of claims and to give bond in accordance with the terms of the statute, and "when any such inventory, appraisement, list of claims and bond are returned to the county judge, he shall, either in term time or vacation, examine the same and approve or disapprove them by order to that effect entered upon the minutes of the court, and when

approved the same shall be recorded upon the minutes of the court, and the order approving the same shall also authorize such survivor to control, manage and dispose of such community property." (Art. 2226, Rev. Stats.) Article 2227 confers absolute control over the community property, upon the husband when he has complied with the law in making his application, inventory, etc. The orders of the county judge made in this estate constitute "proceedings of the County Court" which the District Court may review by certiorari. The fact that a proceeding is void does not prevent the District Court from exercising its appellate jurisdiction. It is true that when the court in which a judgment has been rendered has not jurisdiction the Appellate Court has not power to do that which the trial court could not do, but it has authority and jurisdiction over the void proceedings to declare their invalidity and set them aside. (Roy v. Whitaker, 50 S. W. Rep., 498; Gray v. Maddox, 5 Texas, 528; Aycock v. Williams, 18 Texas, 395.)

To the second question we answer that the fact of four years having expired after the wife's death before the application was filed furnishes sufficient ground for the issuance of the certiorari and a review of the proceedings of the court in that case. Article 2222 of the Revised Statutes contains this provision: "The husband shall, within four years after the death of the wife, . . . when there is a child or children, file a written application in the County Court of the proper county, stating the death of his wife, and the time and place of her death"; the fact that she left a child or children, giving their names and residence; that there was community property belonging to himself and wife, etc. The ordinary course would be for the husband to administer upon the community estate of himself and his wife in the County Court under the control and direction of that court, but the Legislature provided this special proceeding whereby the husband, within four years of the death of the wife, might take the administration of the estate out of the County Court and exercise absolute control over the property. We are of opinion that the limitation of four years time in Article 2222 was a condition precedent to the right of the husband to be clothed with such unusual power, and that having failed to file the application within the time prescribed, the proceedings were without authority of law and void.

In Nelson v. Bridge, 98 Texas, 523 (86 S. W., 7), this court held that an administration was not void where the application had been made more than four years after the death of the decedent. But to our minds there is a clear distinction between the cases. In that case the question was as to the jurisdiction of the court to appoint an administrator, and Judge Williams, speaking for the court, said: "There is nowhere an affirmative declaration that the court shall not have jurisdiction after four years, nor that an administration granted after that time shall be void. All that the theory of nullity rests upon is the positive and mandatory language of the statute, and this, in our opinion, is addressed to the Probate Court to control its action in the exercise of its jurisdiction and is not a denial of the jurisdiction." In the present case the right of the husband to

possess himself of direct and absolute control of the property is conditioned upon his making an application in the County Court within four years from the death of his wife. In collateral attack the judgment of a court is presumed to be right, if it had jurisdiction of the subject matter, but he who seeks to avail himself of a special privilege must comply with the law. We are of opinion that the fact that more than four years had elapsed before the proceeding was had renders the proceeding invalid and furnishes sufficient ground for the exercise of appellate jurisdiction of the District Court through the writ of certiorari.