#### E. L. WITT & SONS v. STITH. (No. 6077.)

(Court of Civil Appeals of Texas. Austin. April 2, 1919. Rehearing Denied June 4, 1919.)

VENUE ⚍70—RIGHT TO CHANGE—ALLEGATIONS OF PLEA OF PRIVILEGE—STATUTE.

Under Acts 35th Leg. c. 176 (Vernon's Ann. Civ. St. Supp. 1918, art. 1903), defendants' plea of privilege, alleging they all resided in Kinney county, a subsequent portion of which alleged the two on whom citation was served resided in Kinney county and that some of the other defendants resided in Uvalde county, also that none of the exceptions to exclusive venue in the county of the defendants' residence, mentioned in Rev. St. 1911, arts. 1830, 2308, existed, *held* prima facie proof of right to change of venue from Burnet county to Kinney county, despite a superfluous statement characterized by clerical error, so that, in the absence of plaintiff's controverting affidavit, the cause must be transferred.

Error from Burnet County Court; J. R. Smith, Judge.

Suit by Knight Stith against E. L. Witt & Sons. To review judgment by default for plaintiff, defendants bring error. Judgment reversed, and cause remanded for further proceedings.

Old & Hull, of Uvalde, for plaintiff in error.
Knight Stith, of Burnet, pro se.

JENKINS, J. Defendant in error filed suit in the county court of Burnet county against E. L. Witt & Sons, a firm composed of Mrs. E. L. Witt, P. C. Witt, Sam P. Witt, Tom Witt, Louis E. Witt, Arthur Witt, and Mrs. W. B. McFalter, née Witt, alleging that Mrs. E. L. Witt, Tom Witt, Louis E. Witt, Arthur Witt, and Mrs. McFalter resided in Uvalde county, Tex., and that P. C. Witt and Sam P. Witt resided in Kinney county, Tex. Defendant in error sought to recover damages against the plaintiffs in error for breach of contract to sell him some goats; and also for pasturing goats. As ground of jurisdiction in Burnet county, he alleged that the plaintiffs in error obtained from him $562.50 upon fraudulent representation made in Burnet county as to the quality of goats that they would deliver to defendant in error, and that he had pastured certain goats for plaintiffs in error, upon which he had a lien for pasturage, and that said goats were located in Burnet county. He asked for foreclosure of his statutory lien on the goats, and also to recover for labor performed in taking care of said goats in Burnet county.

Plaintiffs in error filed a plea of privilege in which they alleged that all of the plaintiffs in error resided in Kinney county; but

---

⚍For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

in a subsequent portion of said plea they alleged that S. P. Witt and P. C. Witt, upon whom citation was served, resided in Kinney county, Tex., and that some of the other plaintiffs in error resided in Uvalde county, Tex. They alleged that—

"None of the exceptions to exclusive venue in the county of one's residence mentioned in article 1830 and in article 2308 of the Revised Statutes exist in this cause." 

In addition thereto said plea contains the following statement:

"That this suit does come within any of the exceptions provided by law in such cases, authorizing this suit to be brought or maintained in the county of Burnet, state of Texas, or elsewhere outside of Kinney county, Tex., where there is a court of competent jurisdiction."

Defendant in error filed a general demurrer to this plea of privilege, which was sustained by the court, and, no answer being filed to the merits, judgment by default was rendered in favor of defendant in error.

We think the court erred in sustaining this demurrer. In so far as there is any uncertainty appearing from said plea as to the residence of plaintiffs in error, it does contain the allegations that none of the plaintiffs in error reside in Burnet county, and it does allege that the only two plaintiffs in error who were served with citation reside in Kinney county, Tex., and also that the business of the farm is conducted in Kinney county, Tex.

Where two or more parties are sued out of the county of their residence, and the defendants reside in different counties, either one of them is entitled to a change of venue by filing the proper affidavit, regardless of where the other defendants might reside, or regardless of the fact that the other defendants may not claim their right to be sued in the county of their residence; provided that none of them reside in the county where the suit is brought, and that none of the exceptions as to exclusive venue provided by the statute exist, conferring venue in the county where the suit is brought.

It is apparent that the statement "that this suit does come within any of the exceptions provided by law in such cases, authorizing this suit to be brought or maintained in the county of Burnet," is a clerical error; the word "not" having been omitted therefrom. Discarding this statement as superfluous, which it is, the plea fully complies with the statute, as appears from the foregoing statement.

The statute (Act of April 2, 1917, c. 176, p. 388, General Laws 35th Legislature [Vernon's Ann. Civ. St. Supp. 1918, art. 1903]), provides that when a plea of privilege, as therein required, is filed, "such plea of privilege when filed shall be prima facie proof of the defendant's right to change of venue." Upon such plea being filed, it becomes the duty of the court where the suit is pending to transfer the same to the proper court, unless a controverting affidavit is filed as provided by said act. The statute provides:

"If, however, the plaintiff desires to controvert the plea of privilege, he shall file a controverting plea under oath, setting out specifically the fact or facts relied upon to confer venue of such cause on the court where the cause is pending. Upon the filing of such controverting plea the judge or the justice of the peace shall note on same a time for a hearing on the plea of privilege; provided, however, that the hearing thereon shall not be had until a copy of such controverting plea, including a copy of such notation thereon, shall have been served on each defendant, or his attorney, for at least ten full days exclusive of the day of service and day of hearing."

If such controverting plea shall be filed in this cause, it will be the duty of the court to hear and determine the same, either separately or together with the main case. If no such controverting affidavit is filed, it will be the duty of the trial court to transfer this cause to Kinney county.

For the reasons stated, the judgment of the trial court is reversed, and this cause is remanded for further proceedings as indicated in this opinion.

Reversed and remanded.

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes