### WELCH et al. v. RAWLS et al.
### No. 2627.

Court of Civil Appeals of Texas. Waco.

Feb. 1, 1945.

Rehearing Denied March 15, 1945.

directly in the district court on January 4, 1944, against appellants, Will Welch, Mrs. Emma Bates, Clara Snoddy, Loudell Wroe and Jack Welch, Jr., seeking a judicial construction of the following will: "In case of death, I want Will's property returned to him, also have control of what I claim and own. I want Clara, Loudell and Jack Jr. to share of proceeds from what I leave." The will, written and signed on June 6, 1936, by Sallie Welch, was duly admitted to probate on November 13, 1940.

Appellees alleged that "they have an interest in the estate of Sallie Welch, deceased, in that they are legal heirs of the said Sallie Welch and the will admitted to probate, as hereinabove set out, after expressing testatrix's desire that the property of her brother, Will Welch, be returned to him, only provides that it is testatrix's desire that the defendants Clara Snoddy, Loudell Wroe and Jack Welch Jr. share with her legal heirs in the proceeds from the property of the said Sallie Welch." In their answer appellants alleged that the will "clearly gives, devises and bequeaths to the persons named in said will all of the property of which the said Sallie Welch died possessed and that W. J. Welch, who is the same person as Will Welch and the 'Will' named in said will as Executor of the Estate of Sallie Welch, deceased, has so construed said will and that such construction is the correct construction thereof." All parties pleaded that the will was unambiguous.

A jury was empanelled to try the case but upon the conclusion of the evidence, because the court was of the opinion there was no disputed issue of fact involved, the cause was withdrawn from the jury without objection on the part of any of the parties to the suit. The court thereafter rendered judgment expressly finding the will to be unambiguous and decreeing in substance: (a) That the will appoints Will Welch as executor of the estate for the purpose of paying debts but that all bequests set out therein are void for uncertainty; (b) that the legal heirs of Sallie Welch take all of her property subject to the right of Will Welch to administer same, in the following proportions, viz.: Will Welch one-fourth; Mrs. Bates one-fourth; Ben Rawls one-fourth; and Mrs. Ila Welch and Dorothy Tipton one-fourth; and (c) that Clara Snoddy, Loudell Wroe and Jack Welch Jr., because they were

Currie McCutcheon, of Dallas, and L. W. Shepperd, A. M. Blackmon, and Carl Cannon, all of Groesbeck, for appellants.

W. W. Mason, of Mexia, and B. L. Bradley, of Groesbeck, for appellees.

HALE, Justice.

Appellees, Ben Rawls, Dorothy Tipton and Mrs. Ila Welch, instituted this suit

not legal heirs of Sallie Welch, have no interest in her estate.

Appellants say the court erred in holding all bequests in the will void for uncertainty and in decreeing that the property of the deceased passed to her heirs at law under the statutes of descent and distribution. They contend the judgment should be reversed and here rendered construing the will to bequeath to Will Welch whatever of his property the testatrix might have held at the time of her death, and to Clara Snoddy, Loudell Wroe and Jack Welch, Jr., jointly or in equal shares, all of the remaining property held and owned by her.

The intention of the testator is the final test in the construction of any will. When such intention can legally be ascertained with reasonable certainty it becomes the positive duty of the courts to effectuate and enforce the same, if it is not unlawful to do so. 44 Tex.Jur. pp. 660 et seq., and authorities there cited.

In arriving at the intention of a testator, it is also the duty of the courts to look alone to the language actually employed in the will if that is legally possible or practicable. But where, by reason of the words used, there is some ambiguity on the face of the will as to the true intention of the testator which may be removed by resort to extraneous evidence not inconsistent with the language actually employed in the will, such evidence is admissible and competent for that purpose. 44 Tex.Jur. pp. 792 et seq., and authorities there cited; Hassell v. Frey, 131 Tex. 578, 117 S.W.2d 413; Avis v. First Nat'l. Bank, 141 Tex. 489, 174 S.W.2d 225.

Moreover, a devise or bequest should never be construed to be void for uncertainty if by resort to proper extraneous evidence such devise or bequest can be rendered reasonably certain so as to carry out the intention of the testator. Sims v. McMullan, Tex.Civ.App. 22 S.W. 2d 313; McMullen v. Sims, Tex.Com.App., 37 S.W.2d 141.

While the will involved in this case was and is ambiguous on its face, we think the extraneous evidence properly admitted on the trial removed much, if not all, of such ambiguity. It was shown by the undisputed evidence that the testatrix intended by the use of the words "Will", "Clara", "Loudell", and "Jack, Jr.", to refer, respectively, to her brother Will Welch, her niece Clara Snoddy, her greatniece Loudell Wroe, and her great-nephew Jack Welch, Jr. The evidence further showed that the testatrix was seventy-three years of age at the time of her death on October 19, 1940; she had never been married; she and her brother, Will Welch, who was sixty-nine years of age, were associated in business affairs and attended to their joint business together; Jack Welch, Jr., was the grandson of Will Welch; the father of Jack Welch, Jr., had died in 1936; Sallie Welch lived with her sister, Mrs. Bates, who was a widow seventy-eight years of age; Clara Snoddy was a daughter and Loudell Wroe was a granddaughter of Mrs. Bates; Mrs. Rawls, a sister of Sallie Welch, died in 1936, leaving her son, Ben Rawls, as her sole heir at law; Sallie Welch had made a loan of $750 to Ben Rawls which had never been repaid; Jim Welch, a brother of Sallie Welch, died subsequent to October 19, 1940, at the age of eighty-one years, leaving his property under his will to his surviving wife, Mrs. Ila Welch, and his daughter, Dorothy Tipton.

Under the entire record before us we fail to see why all or any of the bequests contained in the will should be held void for uncertainty or for any other reason. In our opinion the word "want" as employed in the will was mandatory in meaning and not merely expressive of a precatory desire. McMurray v. Stanley, 69 Tex. 227, 6 S.W. 412; Drinkard v. Hughes, Tex.Civ.App., 32 S.W.2d 935; Langehennig v. Hohmann, 139 Tex. 452, 163 S.W.2d 402. Any other construction would render the entire instrument null and void ab initio as a will, notwithstanding the final judgment of the probate court admitting the same to probate as the last will of Sallie Welch.

Furthermore, we find no word or words in the will which indicate, or by resort to any proper extraneous evidence could be made to indicate, any intention on the part of Sallie Welch to devise or bequeath any of her property to either of the appellees or to Mrs. Rawls or to her brother Jim Welch. On the contrary, from the record in its entirety we think it was clearly the intention of the testatrix not to die intestate, either in whole or in part, but to devise all of her property to the persons named in her will as the beneficiaries of her bounty. Paul v. Ball, 31 Tex. 12; Lindsey v. Rose, Tex.Civ.App.,

175 S.W. 829, err. ref.; Kostroun v. Plsek, Tex.Com.App. 15 S.W.2d 220; Ferguson v. Ferguson, 121 Tex. 119, 45 S.W.2d 1096, 79 A.L.R. 1163. There is no dispute among such persons as to the manner in which each shall share her property or the proceeds therefrom and hence any ambiguity in the will with respect thereto, if any, does not present a justiciable controversy as between the appellants for the adjudication of the courts.

From what has been said it follows that in our opinion the judgment of the trial court should be reversed and judgment should be here rendered construing the will in controversy to bequeath to Will Welch whatever of his property the testatrix might have held at the time of her death, and to Clara Snoddy, Loudell Wroe and Jack Welch, Jr., jointly and in equal shares, all of the remaining property held and owned by her. And it is so ordered.