**The AKIN FOUNDATION, Appellant,**

**v.**

**The TRUSTEES FOR the PRESTON ROAD CHURCH OF CHRIST, Dallas, Texas, Appellee.**

**No. 7477.**

Court of Civil Appeals of Texas.

Texarkana.

April 23, 1963.

Rehearing Denied May 14, 1963.

Paul M. Branch, Kilgore, R. L. Whitehead, Longview, for appellant.

Roy C. Coffee, Dallas, for appellee.

CHADICK, Chief Justice.

This is a suit for declaratory judgment. The trial court entertained the action but denied the specific relief sought. The judgment is reversed and the case remanded with instructions.

The Akin Foundation, as plaintiff, sued the Trustees for the Preston Road Church of Christ, Dallas, Texas, as defendants, in a District Court of Gregg County under the provisions of the Uniform Declaratory Judgment Act, Title 46a, Art. 2524–1, V.A. T.S., to obtain a construction of paragraph 12 of the Will of John W. Akin, deceased. At the conclusion of a non-jury trial, judgment was entered denying the declaratory relief requested. The Akin Foundation gave appropriate notice and has perfected an appeal.

Paragraph I of The Akin Foundation's trial pleading alleges that The Akin Foundation "is a corporation created and existing under and by virtue of the laws of the State of Texas for benevolent and charitable purposes," etc. In paragraph III it alleges that the Will of John W. Akin contains the following provision:

"12. Among the items of community property belonging to the community property and estate of my wife, NELLIE AKIN, and me are the following undivided oil, gas and mineral interests in tracts or parcels of land situated in Gregg County, Texas, parts of the W. H. Castleberry survey, G. A. Thompson survey and W. G. Painter survey, under existing oil, gas and mineral leases in production as follows:

"(Description of the several tracts of land omitted as immaterial to the question to be discussed)

"The fractional interests above listed represent percentage of the 8/8ths production as royalty free of cost of production. My community interest in the above mentioned and described undivided oil, gas and mineral royalty interests (being exclusive of my wife's community interest therein,) I give and bequeath unto The Akin Foundation, a corporation created and existing under and by virtue of the laws of the State of Texas for benevolent and charitable purposes, with office and place of business at Longview, Texas, for use thereof and the income and accruals therefrom, in accord with provisions of the charter and bylaws of said corporation, and with the additional stipulation that the same be disbursed, used and expended wholly within the State of Texas. This request is made subject to the further stipulation that in any event that The Akin Foundation cannot have the full possession and use of all of this bequest and all rights incident thereto, or in the event of any manner of termination or forfeiture on the part of The Akin Foundation in the future, then and in any of such events, I desire and direct that the duly appointed and acting trustees for The Preston Road Church of Christ, Dallas, Texas, and their successors in office, have and hold for the use and benefit of The Preston Road Church of Christ, Dallas, Texas, all right, title and interest in the prop-

erty included in this bequest which does not pass to or is terminated or forfeited by The Akin Foundation, so that there will be no reversion or remainder to me, my heirs, executors, administrators or assigns. It is stipulated that in the event any one or more of said above mentioned leases for any reason become cancelled and forfeited, then and in that event a like undivided interest in and to the lease interest and all future rentals on said land for oil, gas and other mineral privileges shall be owned by the said The Akin Foundation as its respective interests may appear; to have and to hold the same unto the said The Akin Foundation, its assigns, successors and/or legal representatives, forever."

Paragraph IV alleges distribution of property described in Paragraph III by the executrix to The Akin Foundation. Then paragraph V is the following allegation:

"The Plaintiff alleges that the phraseology employed in the above quoted Paragraph 12 of the will of John W. Akin, deceased, has rendered questionable and cast a cloud upon Plaintiff's title in that such language raises the question as to whether the bequest to Plaintiff is upon a condition subsequent, that is, whether the disbursements of income and accruals outside the State of Texas will operate as a forfeiture of Plaintiff's right, title and interest in the property included in the bequest."

The prayer is that The Akin Foundation have judgment construing paragraph 12 of the will, previously quoted, and removing the cloud from its title, etc. A description of the defendant's answer and its nature is omitted because it becomes unimportant for reasons to be discussed.

The Akin Foundation's pleadings, the gravamen of its action, and the relief sought places the suit squarely within the scope of Art. 4412a Added Acts 1959, 56th Leg. p. 203, Ch. 115. Among other things, Section 2 of the article makes the Attorney General of Texas a necessary party to an action to construe the provisions of any instrument, testamentary or otherwise, affecting a charitable trust. In Section 4, the article declares that a judgment rendered in a suit of this nature is void unless the Attorney General is a party to it. The act as a whole leaves no doubt of the Legislature's intention to make the Attorney General an indispensable party to litigation within the ambit of Art. 4412a.

The judgment, and the judgment rolls, disclose the absence of the Attorney General as a party to this action. It follows that the judgment is a nullity, absolutely void because of the absence of an indispensable party, as well as being made so by positive Legislation enactment. Fundamental error of which this court must take notice is apparent. McCauley v. Consolidated Underwriters, 157 Tex. 475, 304 S.W.2d 265; Ramsey v. Dunlop, 146 Tex. 196, 205 S.W. 2d 979.

Such cases as Williams v. Steele, 101 Tex. 382, 108 S.W. 155; Jones v. Bass (Tex. Com.App.) 49 S.W.2d 723; Henn v. City of Amarillo, 157 Tex. 129, 301 S.W.2d 71 (Footnote 2); Fulton v. Finch, 162 Tex. 351, 346 S.W.2d 823, confirms the authority of this court to exercise appellate jurisdiction to the extent of declaring the invalidity of the judgment and setting it aside.

The implication of Mason v. Mason, Tex., 366 S.W.2d 552, 6 Sup.Ct.Journal 365 and consideration of Adams v. Bankers' Life Co., Tex.Com.App., 36 S.W.2d 182 (op. appvd.) and Bonner v. City of Texarkana, Tex.Civ.App., 227 S.W. 505, N.W.H., indicate that the proper disposition of the appeal is reversal and remand, with direction that The Akin Foundation have a reasonable time to effect the joinder of the Attorney General of Texas as a party to the suit. It is so ordered.