**Jack BURNS d/b/a Howdy Doody Drive In Gro. #3, Appellant,**

**v.**

**Otis McKOY d/b/a Western Distributors, Appellee.**

**No. 17164.**

Court of Civil Appeals of Texas, Fort Worth.

Oct. 30, 1970.

Rehearing Denied Dec. 11, 1970.

Coleman, Whitten & Philips, and Earl L. Coleman, Denton, for appellant.

Wynne, Irby, Brown, McConnico & Mack, and Elmo Irby, Fort Worth, for appellee.

OPINION

MASSEY, Chief Justice.

We apply to a Plea of Privilege the rule recognized as applied to affirma-

tive pleadings in other cases. That rule is, in substance, that before a pleading may be dismissed for want of form or other defectiveness, the party affected thereby must have had his opportunity to amend; which right is mandatory.

Pursuant to such application of the rule we reverse and remand the case to the trial court, with direction to afford the defendant, appellant here, opportunity to amend his Plea of Privilege before taking any action upon the propriety of dismissing the same. Propriety of a dismissal in the event of a failure to take advantage of an opportunity to amend such a pleading constitutes a question not necessarily determined in our disposition of the instant appeal.

The rule which has heretofore been applied to pleadings other than Pleas of Privilege is to be found under cases annotated under 20 Tex.Jur.2d, p. 210, "Dismissal, Etc.", Sec. 29, "Defective pleadings"; and in Caperton v. Thorpe, 240 S.W.2d 329 (Eastland, Tex.Civ.App., 1951, no writ hist.). Apparently in accord are Rutledge v. Valley Evening Monitor, 289 S.W.2d 952 (San Antonio, Tex.Civ.App., 1956, no writ hist.), and Stillwell v. City of Fort Worth, 140 Tex. 560, 169 S.W.2d 486 (1943).

The hearing on the Plea of Privilege was set down on June 26, 1970. That hearing resulted in a consideration of the plaintiff's special exceptions thereto, for an examination of the pleading denominated "Controverting Plea" revealed that it was wholly comprised of special exceptions. On the same date as the hearing the court entered the Order from which the defendant has taken his appeal, in which is revealed the conclusion of the court upon which the Order of Dismissal was entered, to-wit: that "no valid Plea of Privilege has been filed * * *."

■ But even where an original Plea of Privilege may be fatally defective it is amendable if it is sufficient to evidence an effort to raise the venue question. McDonald's Texas Civil Practice, Vol. 1, p. 582, "Venue", Sec. 4.44, "(Plea of Privilege)—(IV) Amendment".

The author of this opinion believes that where an Order dismissing the Plea of Privilege is entered on the day of the hearing, with no mention made therein of any opportunity to amend the record should be deemed as demonstrative of error on the part of the court; i. e., that no reasonable opportunity to amend was afforded prior to dismissal of the plea. Relative thereto there is indecision by at least one of the members of this court. However, all are in accord that remand is proper for reasons hereinafter discussed.

■ The Plea of Privilege alleges affirmatively that the defendant was not at any of the three material times a resident of the county in which the suit was brought, which was admittedly Tarrant County. There was included in the language of the plea the allegation that the defendant was not at such times a resident of "Dallas County", the "County in which such suit was instituted". Under appropriate rules of construction which come into play as the result of the undisputed fact that it was Tarrant, and not Dallas, County where the suit was brought the statement relative to Dallas County would amount to mere surplusage under the rule stated in E. L. Witt & Sons v. Stith, 212 S.W. 673 (Austin, Tex.Civ.App., 1919, writ dismissed).

The material paragraph of defendant's Plea of Privilege reads as follows: "This Defendant, the party claiming such privilege, was not at the institution of such suit, nor at the time of the service of process therein, nor is he at the time of the filing of such Plea, *a resident of Dallas County, Texas,* the County in which such suit was instituted." (Emphasis our own.) Other paragraphs recited that at the material times the defendant was a resident of Denton County, Texas, with his address in such county recited.

Under the circumstances, that justice might be done, the judgment order is reversed and the case remanded to the trial court for further proceedings under amended venue pleadings, according to the desires of either or both parties.