In the Matter of the ESTATE of Letha
L. BOURLAND, Deceased, et
al., Appellants,

v.

Leonard C. HANES, Executor, Appellee.

No. 918.

Court of Civil Appeals of Texas,
Corpus Christi.

June 19, 1975.

Rehearing Denied Aug. 29, 1975.

Neil E. Norquest, Ewers, Toothaker, Ewers, Abbott, Talbot, Hamilton & Jarvis, McAllen, for appellants.

Wilkins & Wilkins, McAllen, for appellee.

## OPINION

YOUNG, Justice.

This is an appeal from an order of dismissal of a writ of certiorari. The writ was brought to review an order of the probate court of Hidalgo County, Texas refusing to

admit to probate a will of Letha L. Bourland, deceased.

The controversy arose over two purported wills of the decedent: one dated March 4, 1969; the other dated September 4, 1969.

On January 5, 1970, the County Court at Law, Hidalgo County, Texas, sitting as a probate court, admitted the March will to probate and granted Leonard C. Hanes, as independent executor, letters testamentary. Thereafter, on March 5, 1970, Billy L. Walker, Sr., as the named executor and a beneficiary of the September will, filed an application requesting among other things, the admission to probate of the September will and the revocation of Hanes' letter testamentary. The probate court entered an order on November 8, 1972, denying probate of the September will and confirming its prior order of probate of the March will. On October 9, 1973, Walker and another challenged this November order by filing an application for writ of certiorari in the district court; they amended their application on December 26, 1973. On that same day (December 26, 1973) the district court ordered that the writ of certiorari issue upon applicants' execution of proper bond; the bond was filed and approved on January 24, 1974.

Subsequently, on February 15, 1974, Hanes filed his motion to dismiss the writ of certiorari, and the matter thereafter came on for hearing. After the hearing, at which no evidence was introduced, the district court ordered dismissal of the writ. From this order of dismissal, dated June 26, 1974, the applicants on the September will appeal. So the posture of the case on appeal here is that Walker and another as proponents of the September will are the appellants; Hanes as proponent of the March will is appellee.

We note at the outset that this appeal does not encompass the issue of whether appellants should prevail in attempting to probate the September will. The sole question before us is whether the district court's action was proper when it dismissed the writ of certiorari it had theretofore granted to appellants.

This question is presented to us in two ways: first, by appellants' appeal of the order of dismissal; second, by appellee's motion filed in this Court on October 1, 1974, asserting that this Court has no jurisdiction to review this case because the district court was without jurisdiction to hear and determine appellants' application for writ of certiorari.

Appellants' first point of error asserts that the district court erred in dismissing the writ of certiorari because appellants' application for the writ met all the requirements of Rule 344, Texas Rules of Civil Procedure.

The first amended original application for writ of certiorari alleged, among other things, that the probate court erred in the following respects:

1. In failing to set aside the probate of the March will because the subsequent September will revoked all previous wills executed by Letha L. Bourland.

2. In failing to admit the September will to probate because it was the last duly executed, witnessed, and acknowledged will of Letha L. Bourland.

3. Because there was no evidence that Letha L. Bourland was of unsound mind, lacked testamentary capacity, or was subjected to undue influence at the time she executed the September will.

4. Because the judgment of the probate court was so against the overwhelming weight and preponderance of the evidence as to be manifestly unjust.

In reviewing appellants' contentions, we are guided by the rule that the right of the parties to invoke the jurisdiction of the district court in certiorari proceedings should be liberally construed. *Phillips v. Christian Science Church*, 498 S.W.2d 680 (Tex.Civ.App.—Corpus Christi 1973, writ ref'd n. r. e., Tex., 501 S.W.2d 299). Consequently, we find that the allegations of error in appellants' amended application for certiorari, which we have pre-

viously summarized, are sufficient to comply with the requirement of Rule 344, supra. See *Jedlicka v. Wilkins*, 459 S.W.2d 956 (Tex.Civ.App.—Tyler 1970, writ dism'd).

■ Even so, our examination of appellants' amended application for certiorari reflects that the appellants failed to list the addresses of all adversely interested parties there named, as provided in Rule 344. Appellants contend that such failure is not fatal. That contention is correct. This is so because the rule in Texas is that before a pleading may be dismissed for want of form or other defectiveness, the party affected thereby must be afforded the opportunity to amend. *Cabrera v. Texas Consumer Finance Corporation*, 494 S.W.2d 581 (Tex.Civ. App.—Fort Worth 1973, no writ); *Burns v. McKoy*, 460 S.W.2d 930 (Tex.Civ.App.— Fort Worth 1970, no writ); *Harold v. Houston Yacht Club*, 380 S.W.2d 184 (Tex.Civ. App.—Houston 1964, no writ). The record before us does not reflect that appellants were afforded any opportunity to amend their application prior to its dismissal.

■ In his fifth reply point, the appellee states that there is no evidence in the record of service of process upon any of the parties named in the amended application for writ of certiorari. This statement is correct. But, absent evidence to the contrary, service is presumed. See *Morris v. Drescher*, 123 S.W.2d 958 (Tex.Civ.App.— Waco 1938, writ ref'd).

■ Next, appellee raises, for the first time, the issue of appellants' failure to join the Attorney General as a party to this action. Appellee contends that the Attorney General is an indispensable party to any judicial proceeding to set aside the probate of an alleged will by the terms of which money or property is given, *devised or bequeathed for charitable purposes*. See Tex.Rev.Civ.Stat.Ann. art. 4412a (1966). Although appellee's pleadings do not raise the issue of failure to join the Attorney General, such failure, where joinder is appropriate, is fundamental error which we must recognize when it becomes apparent

on appeal. *Akin Foundation v. Trustees for Preston Road Church of Christ, Dallas*, 367 S.W.2d 351 (Tex.Civ.App.—Texarkana 1963, no writ).

■ The record before us, however, is void of any showing of just who the beneficiaries of the March will are. There are numerous references to the March will, but the will itself is not part of this record. The only reference to the type of devisees under the March will is found in appellee's "Contest to Application to Probate Will" which addresses itself to appellants' attempt to probate the September will. These are mere pleadings by appellee and are not evidence. Further, there is no showing that any of the gifts to any devisees were for "charitable purposes". Fundamental error has not been shown in the record before us.

We hold, therefore, that the trial court erred in dismissing the writ of certiorari. And the appellants' first point is sustained.

■ Appellants' second point of error asserts that the district court had jurisdiction to hear this cause pursuant to Tex.Prob. Code Ann. § 30 (1956) because: the application for writ of certiorari was filed within two years of the probate court's entry of final judgment; the testatrix was domiciled in Hidalgo County, Texas; and the application for writ of certiorari was filed before the effective date of the 1973 amendment to Tex.Prob.Code Ann. § 5 (1956), which provides for appeal from county courts at law (in probate matters) to courts of civil appeals instead of to district courts.

On November 8, 1972, a final judgment was rendered in favor of appellee denying original probate to the September will. Appellants filed their first amended original application for writ of certiorari on December 26, 1973. This is clearly within the two-year limitation period prescribed by § 30 of the Probate Code, supra.

The matter of the domicile is a matter to be determined by a trial on the merits. We do note, however, that it has previously been established that the testatrix, Letha L.

Bourland, was domiciled in Hidalgo County, Texas at the time of her death. See *Estate of Bourland v. Hanes*, 474 S.W.2d 592 (Tex. Civ.App.—Corpus Christi 1971, no writ).

Direct appeals and certiorari are concurrent and alternate remedies. But the distinction between the two keeps them from being regarded as synonymous. The 1973 amendment to § 5 of the Probate Code (about appeals), therefore, had no effect upon § 30 of the Probate Code which allows a district court to correct errors of a county court by means of certiorari. *Cluck v. Hester*, 521 S.W.2d 845 (Tex.Sup.1975). Appellants' second point of error is therefore sustained. Appellee's motion to dismiss this appeal is overruled.

Finally, the appellee in his third, fourth and fifth reply points urges estoppel, legal insufficiency of the evidence, and undue influence, regarding the September will. These contentions are not before us on this appeal because they are matters to be resolved in a trial de novo on the merits in the district court. And the district court has not yet made rulings in a trial on the merits.

The judgment of the trial court is reversed and the cause is remanded for trial.