**Mary D. FINGER, Executrix of the Estate of Jean Droppleman, Appellant,**

v.

**SCHOOL SISTERS OF the THIRD ORDER OF ST. FRANCIS, Appellee.**

No. 12984.

Court of Civil Appeals of Texas, Austin.

July 25, 1979.

Van Thompson, Jr., Sugarland, Frank L. Scofield, Austin, for appellant.

Timothy L. Hoffman, Smith, Jarrell & Associates, Amarillo, for appellee.

SHANNON, Justice.

Appellee, School Sisters of the Third Order of St. Francis, filed suit in the district court of Travis County seeking a declaratory judgment construing the will of Rose Gordon, deceased. Appellant is Mary D. Finger, Executrix of the Estate of Jean Droppleman. On appellee's motion, the district court entered summary judgment declaring that the will created a trust in appellee's favor.

We will reverse the judgment and remand the cause to district court.

On August 31, 1967, Rose Gordon died leaving a will which was duly probated. Paragraph IIIB of the will provided:

"B. To JEAN DROPPLEMAN, if she shall survive me, all of my oil, gas and mineral properties, royalty and mineral interests subject to the following condi-

tions imposed upon her ownership of said oil, gas and mineral properties, royalty and mineral interests, to-wit: That said JEAN DROPPLEMAN pay to or for the benefit of the SCHOOL SISTERS of the THIRD ORDER of ST. FRANCIS at the Sancta Maria Convent, Panhandle, Texas, each month two-thirds (⅔) of any income received from such oil and gas properties of any nature, including, but not limited to bonuses, delay rentals, royalties and production payments of any kind and nature. In the event that JEAN DROPPLEMAN, in the future, at her sole discretion, sells any of said oil, gas and mineral properties, royalties or mineral interests she shall pay to or for the benefit of the SCHOOL SISTERS of the THIRD ORDER of ST. FRANCIS at the Sancta Maria Convent, two-thirds (⅔) of such sales price. In the event that JEAN DROPPLEMAN should not survive me, I hereby devise and bequeath all of my oil, gas and mineral properties, royalty and mineral interests to the SCHOOL SISTERS of the THIRD ORDER of ST. FRANCIS at the Sancta Maria Convent, Panhandle, Texas.

Jean Droppleman made payments to appellee during her lifetime. After her death on November 27, 1976, the executrix of the Droppleman estate refused to continue the payments to appellee, claiming that the bequest in the Gordon will created a fee simple subject to a condition subsequent that had been fulfilled.

According to the unchallenged statement in appellee's post submission brief, the School Sisters of the Third Order of St. Francis is a religious society staffing nondenominational nursing homes and children's homes.

The district court entered summary judgment declaring that the testatrix's use of the provision, "[s]ubject to the following [sic] imposed upon her ownership of said oil, gas and mineral properties," created a trust in favor of appellee.

The Attorney General of Texas was not joined as a party in district court. The absence of that official was not raised by any party during the trial of the cause nor in the briefs or arguments in this Court. In response to this Court's post submission inquiry, both parties take the position that the Attorney General was not required to be made a party.

■ Texas Rev.Civ.Stat.Ann. Art. 4412a provides in part as follows:

"Section 1. As used in this Article the term 'charitable trust' includes all *gifts and trusts for charitable purposes.* (Emphasis added)

"Sec. 2. For and on behalf of the interests of the general public of this state in such matters, the Attorney General shall be a necessary party to and shall be served with process, as hereinafter provided, in any suit in judicial proceeding, the object of which is:

.     .     .     .     .

"c. To construe, nullify or impair the provisions of any instrument, testamentary or otherwise, creating or affecting a charitable trust   .   .   .

.     .     .     .     .

"Sec. 4. A judgment rendered in any suit or judicial proceeding referred to in this Article without service or process upon the Attorney General shall be void and unenforceable   .   .   .

.     .     .     .     .

"Sec. 6. It is the purpose of this Article to resolve and clarify what is thought by some to be uncertainties existing at common law with respect to the subject matter hereof   .   .   ."

The act, as a whole, leaves no doubt of the legislative intent to require the Attorney General to be made a party to litigation within its ambit. *Akin Found. v. Trustees, Preston Road Ch. of Christ,* 367 S.W.2d 351 (Tex.Civ.App.1963, no writ). In such litigation, the absence of the Attorney General renders the judgment void. *Moore v. Allen,* 544 S.W.2d 448 (Tex.Civ.App.1976, no writ).

■ We have concluded that the facts of this case bring it within the scope of Art. 4412a. Appellee's suit for declaratory judgment was, in the terms of the statute, one

to construe the provisions of an instrument affecting a gift or trust for charitable purposes. The term "charitable purposes" has a definite ascertainable meaning in law. *Boyd v. Frost Nat. Bank*, 145 Tex. 206, 196 S.W.2d 497 (1946). Gifts made for "charitable purposes" include, among others, transfers made for the relief of poverty, the advancement of education, and the promotion of health. *Boyd v. Frost Nat. Bank, supra*. Unrestricted gifts to religious organizations have been held to be for charitable purposes. *Powers v. First Nat. Bank of Corsicana*, 138 Tex. 604, 161 S.W.2d 273 (Comm.App.1942, opinion adopted); *Moore v. Allen, supra*. Likewise in *Powers*, an unrestricted gift to a nondenominational orphanage was determined to be for charitable purposes.

Appellee, the School Sisters of the Third Order of St. Francis, is a religious society staffing nondenominational nursing homes and children's homes. Under the authorities above discussed, the gift to appellee was for charitable purposes.

Failure to join the Attorney General in the case at bar was fundamental error that we must recognize. *Moore v. Allen, supra* ; *Akin Found. v. Trustees, Preston Road Ch. of Christ, supra* ; and *In Re Estate of Bourland v. Hanes*, 526 S.W.2d 156 (Tex.Civ.App. 1975, writ ref'd n. r. e.)

The judgment is reversed and the cause is remanded to the district court with instructions that appellee have a reasonable time to effect the joinder of the Attorney General of Texas as a party to the suit. *Moore v. Allen, supra* ; *Akin Found. v. Trustees, Preston Road Ch. of Christ, supra*.