**SUSANOIL, INC., et al. (formerly styled, Velma B. Frank, et al.), Appellants,**

v.

**CONTINENTAL OIL COMPANY, Appellee.**

**No. 15139.**

Court of Civil Appeals of Texas, San Antonio.

April 25, 1973.

Johnson & Davis, Harlingen, for appellants.

Harry G. Dippel, Ben H. Schleider, Jr., Dillingham & Schleider, Houston, for appellee.

KLINGEMAN, Justice.

This is an appeal from a final judgment ordering severance and decreeing that appellants, Susanoil, Inc. and Harry Jacobs, take nothing from appellee, Continental Oil Company, under the severed portions.

The original suit was brought by ten named plaintiffs against numerous defendants seeking a wide variety of relief in eight separate counts, the composition of plaintiffs and defendants varying among the eight separate counts. The cause was originally docketed as Cause No. 5928. The litigation involves, among other things, alleged fraud in obtaining a unitization agreement and alleged breaches of the terms of such agreement in operating a secondary recovery project for oil by water flooding in the Velma (Escondido) Field in Atascosa County, Texas. This appeal involves only the first and third counts.

Although we do not deem it necessary on this appeal to set forth in detail the eight counts,[1] we feel it is appropriate to

---

1. The eight counts may be summarized as follows: Count One seeks damages for fraud in obtaining execution from Susanoil, Inc. and Harry Jacobs of the unitization agreement wherein they agreed to let Continental use their oil production equipment with the understanding that all signers of the agreement were required to do likewise, when in fact appellee had secretly released another leasehold owner from the rent-free provision and was allowed to take most of such equipment off the land. Count Two seeks damages against Continental and W. H. Doran because of their alleged failure to conduct and maintain the secondary recovery operations in good faith, and in a prudent manner, and in accordance with the unitization agreement. Count Three seeks exemplary damages in the amount of $500,000 against Continental in that its wrongful acts complained of in Count One were willful and fraudulent. Count Four seeks damages against Doran and Pens-

set forth the trial court's procedure with regard to the various counts. Count Six was severed out of the main cause and settled by the parties. The remaining counts were set for separate trials, with Counts One, Two and Three set for jury trial, and with Counts Four, Five, Seven and Eight set for trial to the court. The nonjury trials were held during the week of May 15, 1972, and the jury trials were set for the following week of May 22, 1972.

On Monday morning, May 22, 1972, the date set for jury trial, appellee, Continental Oil Company, filed a document styled "Second Motion of Continental Oil Company to Strike Counts One and Three of Plaintiffs' Fourth Amended Original Petition and Alternatively for Severance."[2] After a discussion between the attorneys and the trial judge, the trial judge initialed on such motion herein involved, "Strike— Granted 5–22–72" and "Severed out as 5928–B," and also entered a judgment severing out Counts One and Three, decreeing that appellants, Susanoil, Inc. and Harry Jacobs, take nothing from Continental Oil

Company under such counts, and taxing costs attributable to such counts against appellants.[3]

Appellants assert five points of error: (1) the trial court erred in upholding appellee's motion to strike, and in striking out plaintiffs' allegations of fraud and damages on the grounds that the petition stated no cause of action for fraud; (2) the trial court erred in withdrawing the case from the jury and rendering a take-nothing judgment on the pleadings; (3) the trial court erred in holding that proof of fraud in the procurement of the contract would be precluded under the parol evidence rule by language contained in the contract; (4) the trial court erred in taxing costs attributable to Counts One and Three against appellants; and (5) that the inclusion of findings of fact and conclusions of law made by the trial judge in the transcript was erroneous, and these transcript costs should be taxed against appellee.

Count One alleges in substance that appellee represented to appellants that all

co, Inc. for conversion through wrongful production and sale of oil that did not belong to them. Count Five seeks $50,000 exemplary damages against Doran because what he did was willful and fraudulent. Count Six seeks damages of $1,900 against Continental and Doran for injury to the land of one of the plaintiffs. Count Seven seeks to remove the unitization agreement as a cloud on plaintiffs' title. Count Eight seeks a declaratory judgment declaring the rights and legal relationships of the parties.

2. Appellee states in its brief that its first motion to strike was presented at the close of the evidence at the nonjury trials. The transcript contains a document styled "Motion of Defendant Continental Oil Company to Strike Counts One and Three of the Fourth Amended Petition." This motion is not signed and contains no file mark on it. In addition, there is contained in the transcript a certificate by the District Clerk of Atascosa County, Texas, that he has carefully examined the files in said cause, and that while he finds the second motion to strike, hereinbefore referred to that such examination does not disclose any previously filed instrument styled "MOTION OF CONTINENTAL OIL COMPANY TO STRIKE

COUNTS ONE AND THREE . . . ," nor any motion of substantially similar designation.

3. "On May 22, 1972, came the Plaintiffs, Susanoil, Inc. and Harry Jacobs, and came Defendant Continental . . . and came on for hearing the Second Motion of Continental Oil Company to Strike Counts One and Three of the Fourth Amended Original Petition and Alternatively for Severance, and the Court having considered the Motion and arguments of counsel is of the opinion that such Motion should in all things be granted:

"It is . . . ORDERED, ADJUDGED AND DECREED . . . that the First and Third Counts . . . be . . . severed out . . . and docketed as a separate and distinct Cause under Cause Number 5928–B . . . .

"It is further ORDERED, ADJUDGED AND DECREED . . . that Plaintiffs Susanoil, Inc. and Harry Jacobs take nothing from Defendant Continental . . . under said First and Third Counts . . . .

"It is further ORDERED, ADJUDGED AND DECREED . . . that all costs attributable to such First and Third Counts be . . . adjudged against Plaintiffs Susanoil, Inc. and Harry Jacobs . . . ."

leasehold owners under the unitization agreement would be required to contribute the rent-free use of their oil production equipment to the secondary recovery operations; that before appellants executed the agreement, appellee had secretly relieved another leasehold owner from the rent-free provision; that the purpose of the concealment was to obtain the rent-free use of appellants' equipment; that appellants were deceived by and relied upon the equal treatment representations; and that as a proximate result of this fraud, appellants have been denied use of their equipment in an amount equal to the reasonable rental value of the equipment, to-wit, $158,103.90.

Count Three seeks exemplary damages from Continental in the amount of $500,000 because the wrongful acts set forth in Count One were willful and fraudulent.

Although Count Two is not involved in this appeal, damages are there sought against Continental and W. H. Doran because of their alleged failure to conduct and maintain the secondary recovery operations in good faith and in a prudent manner, and in accordance with the unitization agreement.

Appellee's motion to strike Counts One and Three here involved asked the court to sever and strike for the following reasons: (1) that Count Two involves all ten plaintiffs, whereas Counts One and Three involve only Susanoil, Inc. and Harry Jacobs as plaintiffs, and that the issues as to Counts One and Three were not germane to those in Count Two; (2) that appellants had ratified and confirmed the unitization agreement by their pleadings, and the evidence adduced by the court in the nonjury trials relating to the fourth, fifth, seventh and eighth counts; (3) that having attempted to enforce the unitization agreement, appellants are bound by the terms of

the unitization agreement and cannot seek relief inconsistent therewith; and (4) the third count for exemplary damages is predicated upon appellants' right to recover actual damages, and they are precluded from recovering actual damages by the terms of the unitization agreement because they have ratified the unitization agreement.

Although the transcript contains extensive findings of fact, there is no statement of facts in the record before us, and no testimony was heard or evidence adduced at the hearing on the motion to strike.

Appellee contended that appellants' pleadings were insufficient as a matter of law to state a cause of action, and in its brief states: "In conclusion, if every material allegation of the appellants' petition as contained in the First and Third Counts of the Fourth Petition were true, their allegations with respect to fraud would be legally insufficient or completely immaterial." It appears evident from the arguments and statements of counsel and the remarks of the trial judge at the hearing on appellee's motion to strike, that the court entered its judgment on the ground that Counts One and Three failed to state a cause of action for fraud.

 Appellants' basic complaint on this appeal is that the trial court, on the morning that the motion to strike was filed, which was the date set for jury trial of such cause, summarily entered a take-nothing judgment without giving appellants an opportunity to amend their pleadings, or to present any evidence. In support of such contention they assert that appellee's motion to strike was in reality an untimely filed special exception, in the nature of a speaking demurrer or a global exception. Irrespective of whether you term this document a motion to strike, a speaking demurrer, a general demurrer, or a special exception,[4] the result was that a take-noth-

---

4. The nomenclature of the motion is not controlling for it is well established that the court looks to substance rather than to form in determining the nature of relief or action sought by the party. Iowa Mutual Insurance Co. v. Burmester, 313 S.W.2d 897 (Tex.Civ. App.—Houston 1958, no writ); Custer v. McGough, 184 S.W.2d 668 (Tex.Civ.App. —Eastland 1944, no writ); 46 Tex.Jur.2d, Pleading, Section 259; 71 C.J.S. Pleading § 53; 61 Amer.Jur.2d, Pleading, Section 63.

ing judgment was entered thereon on the morning that it was filed, without appellants having the opportunity to amend or to present evidence. The court's judgment had the same effect as if a summary judgment had been granted, without going through the requisites of summary judgment procedure, or as if a general demurrer had been sustained under the old general demurrer practice.

■■■ A motion to strike the whole pleadings is in effect a general demurrer. City of Brownsville v. Galvan, 139 Tex. 128, 162 S.W.2d 98 (1942). The use of a general demurrer has been eliminated from Texas practice, and it has been abolished in Texas. Rule 90, Texas Rules of Civil Procedure; Banker v. Jefferson County Water Control and Improvement District No. One, 277 S.W.2d 130 (Tex.Civ.App.—Beaumont 1955, writ ref'd n. r. e.); Clark v. City of Dallas, 228 S.W.2d 946 (Tex. Civ.App.—Waco 1950, no writ). The law is well settled in Texas that the right to amend is mandatory, and before a pleading can be dismissed for a want of form or other defectiveness, the party affected must always have the opportunity to amend. Burns v. McKoy, 460 S.W.2d 930 (Tex.Civ.App.—Fort Worth 1970, no writ); Garver v. First National Bank of Canadian, 406 S.W.2d 797 (Tex.Civ.App.—Amarillo 1966, writ ref'd n. r. e. 432 S. W.2d 745 [Tex.Civ.App.—Amarillo 1968, writ ref'd n. r. e.]); M. C. Winters, Inc. v. Lawless, 407 S.W.2d 275 (Tex.Civ.App.—Dallas 1966, writ dism'd); Harold v. Houston Yacht Club, 380 S.W.2d 184 (Tex.Civ.App.—Houston 1964, no writ). Assuming, but without deciding that appellants had not pleaded a good cause of action, it would be impossible for a court, without proof or evidence, to say that appellants could not possibly amend their petition so that it would state a good cause of action.

■■■ We have concluded that the trial court erred in granting a take-nothing judgment on appellee's motion to strike, and that such judgment must be reversed and remanded. There is another reason why this should be done. It appears from the record that the trial court had previously entered a pretrial order under the provisions of Rule 166, T.R.C.P., ". . . no Pretrial Motion herein filed will be heard by the Court unless at least seven (7) days' notice thereof, served in conformity with Rule 21a of the Texas Rules of Civil Procedure, is afforded to all opposing parties or their attorneys." Appellants assert that no notice of any kind of such motion to strike was given, and it is undisputed that the motion was first presented on the morning of May 22, 1972, the day that it was granted. It is clear that one of the purposes of pretrial hearing is to consider motions and exceptions. Rule 166(a). One of the reasons for this is to give the party whose pleadings are insufficient an opportunity to amend such pleadings. Under the provisions of Rule 166, orders pertaining to pretrial procedure when entered shall control the subsequent course of action unless modified at the trial to prevent manifest injustice. Any modifications of the pretrial order should be by affirmative direction, in a written order or an oral direction properly placed in the record. 3 McDonald, Texas Civil Practice, Discovery and Pretrial Procedures, Section 10.12.3 (1970). There is no such written order or oral direction modifying such order found in the record. Under such circumstances, the trial court erred in considering appellee's motion to strike on the day that it was filed.

The judgment of the trial court in Cause No. 5928–B, which pertains only to Counts One and Three, is reversed and remanded for a new trial.