ESTATE OF Jessie Beatrice MENIFEE, an Adult Ward, Appellant,

v.

Robert E. BARRETT, Appellee.

No. 9719.

Court of Appeals of Texas, Texarkana.

July 17, 1990.

Alvis O.L. Rogers, Houston, for appellant.

Sam W. Russell, Mount Pleasant, for appellee.

Before CORNELIUS, C.J., BLEIL and GRANT, JJ.

## OPINION

GRANT, Justice.

The Estate of Jessie Beatrice Menifee appeals from a judgment based upon an instructed verdict granted to Robert E. Barrett. The guardian of Menifee's estate brought this action in a trespass to try title against Barrett challenging ownership of a 47.639 acre tract of land in Camp County which Menifee had deeded to Barrett.

Menifee contends that the trial court erred in granting Barrett an instructed verdict, in striking her pleadings which alleged lack of mental capacity, undue influence and conversion, and in finding that she had not sustained her burden of proof on the issue of failure of consideration.

On September 6, 1982, Menifee signed a warranty deed conveying a 47.639 acre tract of land to Barrett. As consideration for this conveyance, Barrett executed a promissory note for $23,819.50 to be paid in installments of $3,000 per year with no interest until after the maturity of the note and with the provision that the note would be declared paid in full upon the death of Jessie Menifee, who was eighty-one years old when the instrument was executed. On September 11, 1982, Barrett signed a document agreeing to provide Menifee with a place other than a nursing home to live when and if she became unable to continue to live in her residence because of health problems.

We shall first discuss Menifee's contention that the trial court erred in striking a portion of her pleadings. According to an order[1] made at a hearing on October 3, 1988, and pursuant to an agreement between counsel, Menifee was required to replead her cause of action by October 7, 1988. Menifee did not file her second amended original petition until October 11, 1988. At the beginning of the trial on October 17, 1988, the court ordered all of Menifee's pleadings stricken which contained allegations of a lack of mental capacity, undue influence, cloud on title and slander of title.[2] The trial court ruled that these were new matters that were not fairly pleaded in the original petition and therefore were not timely raised by the amended pleading. The court allowed Menifee to proceed on the issues of fraud and failure of consideration.

---

1. The order was not signed until October 13, 1988.

2. Menifee has not complained in her point of error about the trial court's striking her pleadings on the clouding of the title and slander of title.

Rule 166 of the Texas Rules of Civil Procedure allows the trial court to set a time in which all amendments must be presented to the court. Amended pleadings filed within seven days of the date of trial are to be filed only after leave of the trial judge is obtained. Tex.R.Civ.P. 63. Menifee filed her second amended original petition within the seven-day period (filed on October 11; trial began October 17). The record does not show that Menifee sought permission of the trial court to file the second amended petition. However, the record shows that the trial judge went through the pleadings and determined what portion to allow and what portion to strike. Thus, the purpose of Rule 63, which is to give the trial court an opportunity to rule on late pleading, was accomplished.

Rule 63 of the Texas Rules of Civil Procedure provides that the trial judge must grant leave to file an amendment unless there is a showing that the amendment will operate as a surprise to the opposing party. Where there is no new matter raised, there can hardly be a surprise to the defendant. *City of Wichita Falls v. Whitney*, 11 S.W.2d 404 (Tex.Civ.App.—Fort Worth 1928, writ dism'd). The reason stated by the trial court for striking Menifee's pleadings was that, "These are all new matters that were not fairly pleaded in your original petition and I just don't think these are timely raised at this time." Menifee's counsel duly objected to the court's ruling.

Pleadings are sufficient under Texas law if they give fair and adequate notice to the pleader's adversary. *Stone v. Lawyers Title Insurance Corp.*, 554 S.W.2d 183 (Tex. 1977). Texas courts have consistently indicated that to force a party to plead his or her entire case with exactness is not concordant with the spirit of the rules governing pleadings. *Bader v. Cox*, 701 S.W.2d 677 (Tex.App.—Dallas 1985, writ ref'd n.r. e.). Fair notice has been given if the pleadings are sufficiently specific that an opposing attorney of reasonable competence can ascertain from the pleadings the nature and the basic issues of the controversy and the testimony probably relevant. *Bader*, 701 S.W.2d 677. The party excepting to a

pleading must show that fair notice has not been given. *Bader*, 701 S.W.2d 677.

■ Undue influence must be pled to show specifically what influence was exercised or how influence was used to procure the consummation of the transaction in question. *Brown v. Mitchell*, 75 Tex. 9, 12 S.W. 606 (1889). Menifee's original petition and her first amended petition did not properly raise the issue of undue influence. Thus, the trial court correctly struck Menifee's late pleadings attempting to raise those issues. The trial court did not strike Menifee's pleadings alleging conversion. The conversion theory was tied into the fraud allegations, which the trial court allowed Menifee to proceed on.

■ Lack of mental capacity can be pled generally. *Rodgers v. Fleming*, 3 S.W.2d 77 (Tex.Comm'n App.1928, holding approved). The portions of the pleadings (with emphasis added) referring to Menifee's mental capacity are set forth below.

From the original petition:

### III

. . . .

When the Defendant, ROBERT E. BARRETT, by fraud and deceit, unlawfully entered upon and dispossessed Plaintiff of such property and premises and withheld from Plaintiff the possession thereof, knowing that the Plaintiff was *of old age and had no knowledge of the magnitude of what she was signing* and a copy of the proposed warranty deed is attached hereto as Exhibit "C".

### IV

Further, Plaintiff states and alleges that Defendant knew or should have known that the Plaintiff was of old age, living alone, had no lawful representation *and was not at that time capable of making a contract.*

From the first amended petition:

### VI

Defendant knew that Plaintiff was of old age, *had no knowledge of the mag-*

*nitude of what she was signing,* living alone, *not capable of making a contract* and had no lawful representation to advise her and that the Plaintiff relied upon Defendant in the inducement and false representation made by Defendant when in fact the Defendant [knew] that such representation was false, he had no intention of fulling (sic) said contractual agreement for which Plaintiff relied upon.

From the second amended petition:

## VI

Plaintiff would show that at the time of the execution of said deed on September 6, 1982, the Ward, JESSIE BEATRICE MENIFEE was at the age of eighty-one (81) years, *was extremely ill and incapable of understanding the nature and consequences of her actions or of transacting any business whatever.*

Plaintiff would further show that the Ward, JESSIE BEATRICE MENIFEE *was unable to handle her own affairs due to her perpetual diminished capacity from her long illness and her generally impaired mental and physical condition was well known* among the residents of Camp County, Texas who had any interaction—social or otherwise with said ward.

## VII

Plaintiff would further show that at the time the deed was executed on September 6, 1982, the Ward JESSIE BEATRICE MENIFEE *did not have sufficient mind and memory and capacity to understand the nature and consequences of entering into a contract of conveyance involving real property* in that JESSIE BEATRICE MENIFEE *lacked the ability to appreciate and understand the business transaction and the effect of the act of executing a Warranty Deed covering her interest in real property, nor did she know the objects of her bounty and such claims placed upon her, nor the general nature and extent of her property.* On the date that the deed was allegedly exe-

cuted, the Ward, JESSIE BEATRICE MENIFEE *did not have sufficient mind and memory to collect in her mind the elements of real estate transactions nor hold them long enough to such conveyance of real property nor was she able to form a reasonable judgment as to future ramifications of such acts.*

(Emphasis added.)

The trial court has wide discretion in allowing or denying the filing of amended pleadings. *Pavlas v. Pavlas,* 428 S.W.2d 880 (Tex.Civ.App.—Fort Worth 1968, no writ). However, by the terms of Rule 63, the trial court abuses its discretion by denying leave to file where there is no showing of surprise to the opposing party. Under the liberal construction required by Rule 1 of the Texas Rules of Civil Procedure, we hold that Menifee gave fair notice of her allegation of lack of mental capacity in her earlier pleadings. Furthermore, if the court had properly ordered the second amended original petition struck, then Menifee would have been entitled to go to trial on an earlier petition. The trial court, however, ordered struck all of Menifee's pleadings that alleged lack of mental capacity, and this was error.

The remaining two points, which we shall discuss together, are that the trial court improperly instructed a verdict and that the trial court improperly found that Menifee had not sustained her burden of proof on the issue of failure of consideration.

On an appeal from an instructed verdict, we view all the evidence and inferences therefrom in the light most favorable to the appellant. *Collora v. Navarro,* 574 S.W.2d 65 (Tex.1978). When reasonable minds may differ as to the truth of controlling facts, the issue must go to the jury. "In affirming the propriety of an instructed verdict, this Court must find that there was no evidence presented which could have raised a fact issue concerning a fact proposition essential for the plaintiff's recovery. [citation omitted] However, if there is any conflicting evidence of a probative nature, then the jury must pass on the issue." *Duff v. Yelin,* 751 S.W.2d 175, 176 (Tex.1988).

■ Menifee presented no evidence to show any of the elements of fraud. The elements of actionable fraud are (1) that a material representation was made; (2) that it was false; (3) that when the speaker made it, he knew that it was false or made it recklessly without any knowledge of the truth and as a positive assertion; (4) that the party made it with the intention that it should be acted upon by the parties; (5) that the party acted in reliance upon it; (6) and that he thereby suffered injury. *Trenholm v. Ratcliff*, 646 S.W.2d 927 (Tex. 1983). In a jury trial on the merits, failure to prove any one of the elements of fraud by a preponderance of the evidence is fatal and would entitle the opposing party to an instructed verdict. *Statham v. City of Tyler*, 257 S.W.2d 742 (Tex.Civ.App.–Texarkana 1953, writ ref'd n.r.e.).

Menifee points to the agreement to provide housing as a fraudulent representation, but there is nothing in evidence which in any way connects that writing with the land transaction. The documents in the land transaction do not in any way refer to this separate writing concerning housing, which is dated five days after the conveyance of the land, and there is no testimony tying it to the land conveyance.

Menifee also contends that she was entitled to monies obtained by virtue of a mineral lease. Introduced into evidence was a mineral lease signed by Menifee and dated April 10, 1984, a draft on Horace E. Rowold dated April 10, 1984, to Menifee in the amount of $3,572.93 and an IRS form 1090 showing that Jessie Menifee received $3,572.93 from American Hunter Exploration Ltd. Helen Hollins testified that Barrett received all of this money except $750 which Menifee retained. Menifee contends that she had retained a life estate in the minerals and therefore Barrett was not entitled to any of the proceeds from the mineral lease. The deed from Menifee to Barrett was not introduced in evidence, and there was no other evidence about who owned the minerals or what the agreement was between Menifee and Barrett concerning the minerals. Thus, there was no evidence to show that Barrett was not entitled to the proceeds he received as a result of the mineral lease. Fraud was not raised by the evidence.

■ The remaining issue is whether Menifee offered proof on her contention that there was a failure of consideration. A failure of consideration occurs when after an agreement is reached, the promise of performance fails.

Under the terms of the real estate lien note, Barrett was to pay $23,819.50 for the land, with annual payments of $3,000 due on September 6 of each year. The 1983 check in evidence bears Menifee's endorsement. Menifee's guardian accepted the payments and cashed the checks for the 1984 and 1985 payments. Based on the advice of her attorney, Menifee's guardian did not cash the last three checks which were for the years 1986, 1987 and 1988.

The first payment was due on September 6, 1982. There was undisputed evidence by Barrett that all of the payments were timely tendered; however, the first check to Menifee was not cashed. It has what purports to be her signature on the back with Barrett's mother's name in parentheses. Barrett testified that he was holding it for Menifee's burial expenses. Barrett did not testify that he was holding the money at her instructions or with her permission, but acknowledged that she never cashed the check or received the money for this first payment.

■ The testimony of an interested party can have probative force. *Holland v. Commonwealth Finance Corp.*, 118 S.W.2d 364 (Tex.Civ.App.–Texarkana 1938, no writ). An instructed verdict based upon the testimony of an interested party and favorable to that party is proper when the testimony pertains to matters reasonably capable of exact statement, when the testimony is clear, direct and positive, when the testimony is internally devoid of inconsistencies and contradictions, and is uncontradicted either by testimony of other witnesses or by circumstances—in short, when there is nothing to cause any reasonable suspicion as to its truth. *Washington v. Reliable Insurance Co.*, 581 S.W.2d 153 (Tex.1979). *See also* 3 R. McDONALD, TEX-

AS CIVIL PRACTICE IN DISTRICT AND COUNTY COURTS § 11.28.6 (rev.1983). In the present case, the circumstances surrounding the uncashed check which was in possession of Barrett is sufficient to require that any issue involving that payment be submitted to the jury.[3] That fact, however, was not an ultimate issue in this cause.

Even if the fact finder were to find that Barrett had not made the first payment, this would amount to no more than a partial failure of consideration. *Huff v. Speer,* 554 S.W.2d 259 (Tex.Civ.App.–Houston [1st Dist.] 1977, writ ref'd n.r.e.). The promissory note contained a provision that if there was a default in the punctual payment of any part of the note as it became due, the entire indebtedness would mature. This, however, was to be done at the option of the holder, and there was no evidence that Menifee or her guardian ever declared the entire sum to be due. Furthermore, the evidence that future payments were accepted controverts any argument that the holder considered the entire amount due.

It is only when there is a substantial failure of consideration that a breach of contract will operate to discharge the other party (unless the contract is aleatory in character). *See* 3A CORBIN ON CONTRACTS § 659 (1960). If the partial failure of consideration is not substantial, the proper remedy is by payment of money damages unless other remedies are provided by the terms of the contract. The failure by Barrett to make one payment would not amount to a substantial failure of consideration. The partial failure of consideration, unless it amounts to a substantial breach, will not invalidate a contract and prevent recovery on it, but is a defense pro tanto to such recovery. Furthermore, the right of rescission is waived by the retention of benefits of partial performance or acceptance of consideration or partial payment. *Guerrero v. Hagco Building Systems,*

*Inc.,* 733 S.W.2d 635 (Tex.App.–San Antonio 1987, no writ).

In the present case, Menifee's continued acceptance of the annual payments waived any right of rescission that she may have had and her remedy would have been to sue for the amount of the missed payment.[4] Thus, even if the question on the receipt of the first payment had been submitted to the jury and answered favorably to Menifee, this would not have resulted in Menifee prevailing in her action of trespass to try title because it would not have authorized a rescission of the transaction. These points of error are overruled.

The judgment of the trial court is affirmed in part and reversed in part. The judgment is affirmed on all matters except the issue of lack of mental capacity, which is hereby severed and remanded for trial.

---

**3.** Even though the promissory note was entitled "Real Estate Lien Note," Menifee does not contend that she held a lien on the property and no lien is reserved by the warranty deed attached to her pleadings.

**4.** Menifee did not seek a recovery on the missing payment.